UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
YESSUH SUHYES HUSSEY,

              Plaintiff,                        **MEMORANDUM AND ORDER**
                                                            23-CV-1781 (PKC) (LB)

    -against-

JUDGE JOHN T. HETCH,[1]

              Defendant.
-----------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Yessuh Suhyes Hussey, a serial filer, brings this *pro se* action pursuant to 42 U.S.C. § 1983.[2] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the complaint is dismissed.

## BACKGROUND

      Plaintiff alleges that on December 15, 2022, Judge John T. Hecht, "was excessively malicious avoiding the truth and abusing the constitution by ignoring the reasonable doubts and contradictions that are all over the case such as my description not matching with whom they were looking for . . . ." (Complaint, Dkt. 1, at 4.) Plaintiff further alleges that Judge Hecht, "said that I

---

[1] It appears that Plaintiff seeks to name John T. Hecht, Acting Justice of the Kings County Supreme Court, Criminal Term as the defendant. NYC CRIMINAL COURT JUDGES, https://www.nyc.gov/site/macj/appointed/criminal-court.page (last visited 4/12/2023). Plaintiff previously filed an almost identical complaint against Judge Hecht that was dismissed on March 14, 2023. *See Hussey v. Hecht*, No. 23-CV-535 (PKC) (LB).

[2] At the time of filing, Plaintiff was being held at the Anna M. Kross Center on Rikers Island but was released from custody on March 2, 2023. See https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited April 4, 2023). Plaintiff has filed sixty (60) cases in recent months, including forty-three (43) cases on the same day.

1

did in fact 'had the intention to drag the woman into the bushes' when I know for a fact that was not my intention at all." *Id*. Plaintiff seeks money damages. (*Id*. at 5.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Plaintiff's claims against Judge John T. Hecht must be dismissed because judges have absolute immunity for acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (upholding applicability of judicial immunity in section 1983 actions); *Burdick v. Town of Schroeppel*, 717 F. App'x 92, 93 (2d Cir. 2018) ("Judges acting in their judicial capacity are

2

absolutely immune from suit, event where the plaintiff asserts constitutional violations under § 1983." (citing *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009)); *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016). "[J]udicial immunity is not overcome by allegations of bad faith or malice," and a judge cannot "be deprived of immunity because the action [the judge] took was in error ... or was in excess of [the judge's] authority." *Mireles*, 502 U.S. at 11–13 (citations and internal quotation marks omitted) (second alteration in original); *Basile v. Connolly*, 513 F. App'x 92, 94 (2d Cir. 2013) (quoting same). Immunity may only be overcome where (1) the challenged acts were not taken in the judge's judicial capacity or (2) the acts, "though judicial in nature, [were] taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12. In addition, the 1996 Congressional amendments to Section 1983 bar injunctive relief and provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." *See* Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, § 309(c), 110 Stat. 3847, 3853 (1996); *see also Montero v. Travis*, 171 F.3d 757 (2d Cir. 1999).

Plaintiff's allegations against Judge Hecht stem from Plaintiff's criminal proceedings and Plaintiff fails to allege any facts to suggest that the actions taken by Judge Hecht were not taken within his judicial capacity or that the Judge acted in excess of his jurisdiction. Therefore, Plaintiff's claims against Judge Hecht are dismissed for failure to state a claim upon which relief may be granted and because Judge Hecht is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

## DENIAL OF LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least

once. . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## FILING INJUNCTION WARNING

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). As previously noted, Plaintiff has filed sixty (60) complaints in recent months, including forty-three (43) complaints on the same day.

Plaintiff is therefore warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

Accordingly, the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to

Plaintiff. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: April 17, 2023
      Brooklyn, New York